**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES of AMERICA,

      Plaintiff,

v.                                                                           Case No. 07-20474

DARIEN DURRELL GLOVER,

      Defendant.

                                              /

## OPINION AND ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION AND DIRECTING DEFENDANT TO FILE MEMORANDUM

Pending before the court is Defendant Darien Durrell Glover's "Emergency Motion for Suspending Ordered Imprisonment . . . ." In her motion, Defendant asks the court to modify her sentence and allow her to complete the remainder of her sentence in home confinement. For the reasons stated below, the court intends to construe Defendant's motion as a motion for relief from judgment under 28 U.S.C. § 2255.

## I. BACKGROUND

On April 15, 2008, Defendant pleaded guilty to a one count indictment, charging her with conspiracy to launder money. (Def.'s Mot. at 1.) As a result, she was sentenced to thirty months of incarceration and twenty-four months of supervised release. (*Id.*) On September 16, 2008, Defendant filed the instant motion, arguing both that she did not understand her plea agreement and that she only consented to the agreement under duress. (Def.'s Mot. at 3.) The Government, in response, argues that

Defendant was fully aware of the details and consequences of the agreement and stated her understanding during the court's December 4, 2008 plea hearing.  (Gov't.'s Resp. at 4.)

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motion, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

Although Defendant motion's does not cite any legal authority, the relief requested is consistent with a motion to vacate sentence under § 2255 and is therefore the equivalent of a petition under § 2255.  Before characterizing Defendant's motion as a § 2255 motion, however, Defendant must be given the opportunity to withdraw her filing.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  This is because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to

file a motion to vacate his sentence under § 2255." *Id.* at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or a "new rule of constitutional law . . . that was previously unavailable." *See* 28 U.S.C. § 2255. Thus, the prisoner must be aware that the court's construction of her petition may limit her ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

## IV. CONCLUSION

Accordingly, Defendant is hereby NOTIFIED that the court intends to construe her "Emergency Motion for Suspending Ordered Imprisonment Confinement Sentence and Modifying Ordered Sentence Structure to Home Confinement and/or Second Chance Act Consideration" as a motion for relief under 28 U.S.C. § 2255.

Defendant is DIRECTED to file a one-page memorandum on or before **December 9, 2008**, indicating whether she agrees with the court's intended characterization of her filing or whether he withdraws her "Emergency Motion for Suspending Ordered Imprisonment Confinement Sentence and Modifying Ordered Sentence Structure to Home Confinement and/or Second Chance Act Consideration." In the event Defendant does not file a memorandum on or before **December 9, 2008**,

her filing will be deemed a motion under § 2255.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  November 19, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522