**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 07-20474

DARIEN DURRELL GLOVER,

    Defendant.

                                                 /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUSPENDING
ORDERED IMPRISONMENT**

Pending before the court is Defendant Darien Durrell Glover's "Emergency Motion for Suspending Ordered Imprisonment . . . ." In her motion, Defendant asks the court to modify her sentence and allow her to complete the remainder of her sentence in home confinement. In response to this court's November 19, 2008 order, Defendant has made clear that she does not seek relief under 28 U.S.C. § 2255. For the reasons stated below, the court denies Defendant's motion.

**I. BACKGROUND**

On April 15, 2008, Defendant pleaded guilty to a one count indictment, charging her with conspiracy to launder money. (Def.'s Mot. at 1.) As a result, she was sentenced to thirty months of incarceration and twenty-four months of supervised release. (*Id.*) On September 16, 2008, Defendant filed the instant motion, arguing both that she did not understand her plea agreement and that she only consented to the

agreement under duress. (Def.'s Mot. at 3.) The Government, in response, argues that Defendant was fully aware of the details and consequences of the agreement and stated her understanding during the court's December 4, 2008 plea hearing. (Gov't.'s Resp. at 4.)

## II. DISCUSSION

Although Defendant motion does not cite any legal authority, the relief requested is consistent with a motion to vacate sentence under § 2255 and is therefore the equivalent of a petition under § 2255. Before characterizing Defendant's motion as a § 2255 motion, however, the court gave her an opportunity to withdraw her filing. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or a "new rule of constitutional law . . . that was previously unavailable." *See* 28 U.S.C. § 2255. Thus, the prisoner must be aware that the court's construction of her petition may limit her ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion. In response, Defendant informed the court that she "is neither requesting correcting [sic] or a reduction of said sentence . . ." (Def.'s Resp. at 1.) As such, the court will not now construe her motion as one under 28 U.S.C. § 2255.

2

Beyond stating that she does not seek relief under § 2255 or Federal Rule of Civil Procedure 35(c), though, Defendant does not cite any legal authority, with the exception of conclusory statements about the United States Constitution and the "Judicial Appointing Board." (Def.'s Resp. at 2.) The court is unaware of any authority, beyond § 2255 or Federal Rule of Criminal Procedure 35(c), to allow the court to free Defendant from her sentence of incarceration and transfer her to home confinement. Defendant's sentence was the result of advice from trial counsel and a plea agreement. Defendant now contends she "did not fully understand," and she "was made to agree and sign [the plea] under duress . . . ." (Def.'s Mot. at 3.) But, as Defendant herself admits, these "disputed facts of [her] case will be addressed in an appeal." (Def.'s Resp. at 1.) And while the court is sympathetic to the needs of Defendant's ill mother and four children, the current motion to restructure Defendant's plea agreement and sentence is wholly without legal support for the court to act. Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion for Suspending Ordered Imprisonment . . ." [Dkt. # 13] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2008, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522